JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 13-09547 SJO (JCGx)</u>        DATE: <u>January 8, 2014</u>

TITLE:        <u>Nick M. Martinez v. Wells Fargo Bank, N.A. et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**       **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendant Wells Fargo Bank, N.A. ("Wells Fargo") Notice of Removal ("Notice"), filed on December 30, 2013. For the following reasons, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles ("Los Angeles County Superior Court").

I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On December 16, 2013, Plaintiff Nick M. Martinez ("Plaintiff") initiated the instant action against Wells Fargo in Los Angeles County Superior Court. (Notice Ex. A ("Complaint").) Plaintiff's Complaint alleges the following against Wells Fargo: (1) violations of California Civil Code section 2923.55; (2) violations of California Civil Code section 2924.10; (3) violations of California Civil Code section 2923.6; (4) violations of California Civil Code section 2923.7; (5) violations of the California Business and Professions Code section 17200; (6) negligence; and (7) a demand for accounting. (Compl. ¶¶ 79-167.) Plaintiff's claims are all state law claims related to Plaintiff's mortgage loan account with Wells Fargo. (*See generally* Compl.) On December 30, 2013, Wells Fargo removed the case to the Central District of California on the basis of diversity jurisdiction. (Notice 1.)

II.   <u>DISCUSSION</u>

Wells Fargo's Notice asserts that removal is proper based on diversity jurisdiction. (*See generally* Notice.) A defendant may remove an action to federal court on the basis of diversity jurisdiction if (1) there is complete diversity between the adverse parties in the action; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case. 28 U.S.C. § 1447(c). A district court may raise the issue of subject matter

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

CASE NO.:  CV 13-09547 SJO (JCGx)          DATE:  January 8, 2014

jurisdiction *sua sponte* any time during the pendency of an action.  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  The Court finds it proper to determine whether there is federal subject matter jurisdiction over this action.

Federal courts only have subject matter jurisdiction where the parties are completely diverse—where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Wells Fargo contends that there is complete diversity because Plaintiff is a citizen of California, while Wells Fargo is a citizen of South Dakota. (Notice ¶¶ 4, 6.)

For diversity purposes, an individual is a citizen of the state where he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of domicile.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Plaintiff states that he resides in California.  (Compl. ¶ 13.)  The Court finds that Plaintiff is a citizen of California based on these uncontroverted pleadings.

Thus, complete diversity will only exist if Wells Fargo is not a citizen of California.  Wells Fargo avers that it is a citizen of South Dakota because "its main office [is] located in Sioux Falls, South Dakota."  (Notice ¶ 6.)  However, Wells Fargo "has regularly described its principal place of business as San Francisco, California."  *Stewart v. Wachovia Mortg. Corp., et al.*, No. 11-CV-06108, 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011) *abrogated by Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034 (C.D. Cal. 2012).  The Court must determine whether Wells Fargo is only a citizen of the state where it has its main office or whether it is also a citizen in the state where it has its principal place of business.

28 U.S.C. § 1348 provides that  "[a]ll national banking associations shall, for the purposes of all [actions brought by private citizens] . . ., be deemed citizens of the States in which they are respectively located."  In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the United States Supreme Court confronted the question of whether the word "located" in section 1348 means that the citizenship of national banking associations is determined solely by the place designated in the bank's articles of association as its main office or whether the bank is also a citizen of every state in which it maintains a branch.  The Court first noted that "'located' is not a word of 'enduring rigidity,' but one that gains its precise meaning from context."  *Schmidt*, 546 U.S. at 307.  The Court then engaged in a review of the historical circumstances giving rise to the adoption of § 1348, finding that:

> [A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.  Were we to hold, as the Court of Appeals did, that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 13-09547 SJO (JCGx)</u>      **DATE:** <u>January 8, 2014</u>

> would be drastically curtailed in comparison to the access afforded
> state banks and other state-incorporated entities.

*Id.* Thus, the Court struck down the court of appeals' ruling that a national bank is a citizen of every state in which it maintains a branch. The Court did **not** institute a rule that a national bank is a citizen only of the state where its main office is located. Nor did the Court confront the precise issue of whether a national bank is also a citizen of the state where it maintains its principal place of business. Rather, it found that question unnecessary to answer. *Id.* at 317 n.9 ("The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.").

Moreover, the Supreme Court "signaled that the definitional content it provided for the word did not foreclose the possibility that further context would support an expanded definition." *Stewart*, 2011 WL 3323115, at *5. Additionally, the Court determined that Congress's goal in adopting section 1348 was to provide parity for state-chartered banks and national banks. *Schmidt*, 546 U.S. at 307, 310; *see also* 28 U.S.C. § 1332(c)(1); *Goodman v. Wells Fargo Bank, N.A.*, No. 11-CV-2685, 2011 WL 2372044, at *2 (C.D. Cal. June 1, 2011); *Mount v. Wells Fargo Bank, N.A.*, No. 08-CV-6298, 2008 WL 5046286, at *2 (C.D. Cal. 2008). State-chartered banks are citizens of their state of incorporation and also the state where their principal place of business is located. In order to accomplish the state-federal parity envisioned by Congress, national banks must also have this dual citizenship for the purpose of diversity jurisdiction.

The Court is aware that other cases from this District have held that Wells Fargo is not a citizen of California for diversity purposes. As these decisions are not from the United States Supreme Court or the Ninth Circuit, they are not binding on this Court. Moreover, some courts in this District have applied the principal place of business test and held that Wells Fargo is a California citizen for diversity purposes. *See, e.g.*, *Rouse v. Wachovia Mortgage, FSB*, No. 11-CV-0928, 2012 WL 174206, *8-14 (C.D. Cal. Jan. 13, 2012); *Goodman*, 2011 WL 2372044, at *2; *Mount*, 2008 WL 5046286, at *1-2. And courts in other districts have published opinions holding that both the home office test and the principle place of business test satisfy § 1348. *See, e.g.*, *Taheny v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1093 (E.D. Cal. 2012.) The Court concludes that Wells Fargo is a citizen of California because its principal place of business is in California. Because Wells Fargo is a citizen of California, complete diversity is absent. Accordingly, the Court **REMANDS** this action to Los Angeles County Superior Court for lack of subject matter jurisdiction.

III.    <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this action to Los Angeles County Superior Court. This action shall close.

IT IS SO ORDERED.

cc: order, docket, remand letter to Los Angeles Superior Court, No. BC 53062